### DELLA BOWMAN v. THE STATE.

No. 9261. Delivered May 17, 1925.

Rehearing Denied, October 21, 1925.

**1.—Manslaughter—Charge of Court—On Self-Defense—Held Correct.**

Where on a trial for murder resulting in a conviction of manslaughter, the appellant urges objections to the charge of the court submitting the

law on self-defense, an examination of such charge impresses us that it very clearly and fairly presents the issue as raised by the evidence and no error is shown.

### 2.—Same—Verdict—Sustains the Judgment.

Where appellant presents that the verdict returned by the jury recommended that the sentence be suspended, and the original verdict ordered sent up and inspected by us, it is clear to this court in the light of the explanation by the trial court, that the verdict in fact recommended that the sentence be not suspended, and that it supports the judgment and sentence.

### 3.—Same—Verdict—Explanation of Court—Held Properly Considered.

Where appellant complains that the explanation of the court, explaining the form of the verdict, and of the word "*not*," could not be considered to impeach the verdict as it was returned. We cannot agree to this contention for the verdict should receive a liberal, rather than a strict construction, and if the finding of the jury can be reasonably ascertained, the verdict should be held good, as to form. See Sec. 646, Branch's P. C. and many authorities there cited.

ON REHEARING.

### 4.—Same—Charge of Court—Defensive Theory—Correctly Presented.

In his motion on rehearing appellant insists that we were in error in our original opinion, in holding that the issue of self-defense, raised by the evidence, was properly presented in the charge of the court. Appellant's testimony and that of other witnesses introduced by her clearly showed that she claimed to have acted solely in defense of herself from an assault by the deceased, and it was not error to make the right of self-defense depend upon a belief that she was in danger of losing her life, or suffering serious bodily injury from the deceased.

Appeal from the District Court of Panola County. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of manslaughter; penalty, two years in the penitentiary.

The opinion states the case.

*J. B. Woolworth* and *B. W. Baker* for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Panola County for the offense of manslaughter and her punishment assessed at confinement in the penitentiary for a term of two years.

Various objections are urged by appellant to the charge of the court, but most of these objections are applicable to the charge on murder and the inadequacy of the charges submitting manslaughter, and in view of the fact that the appellant was convicted for manslaughter, these questions have thereby been eliminated from the case.

We have carefully examined appellant's criticisms of the court's charge submitting the law of self-defense, and we cannot agree that it is subject to the criticisms urged against it, but on the contrary, we think it very clearly applies the law to the facts in the case.

Appellant complains that the verdict as rendered by the jury was such as to give her the benefit of the suspended sentence. The original verdict of the jury has by proper order of the court been sent to this court and is before us for review. The verdict is in the following language:

"We, the jury, find the defendant guilty of manslaughter and assess her punishment at two years confinement in the penitentiary, we further find that the defendant has never been convicted of a felony, in this State or any other State and recommend that her sentence be not suspended."

. The verdict is properly signed by John Young, foreman. In that clause of the verdict which reads "and recommend that her sentence be not suspended" there is a line drawn either under or over the word not. In ordering the original verdict to be sent to this court, the trial court makes the following explanation: "that the jury after having considered the case, came into open court with a verdict of guilty, assessing the penalty at two years in the penitentiary, but failed to pass on the question of whether they would suspend the sentence or not. The court, in the presence of one of the attorneys for the defendant, wrote the verdict just as it was written by the jury and underneath wrote the form that was necessary on the question of suspended sentence, leaving a blank underscored by the line, and instructed the jury that if they decided to suspend the sentence that they would leave the space blank, and if they decided not to suspend the sentence, they would write the word "not" in the space. The jury was then ordered to retire to their room to further consider their verdict, after they brought in the verdict as recorded in this case. in writing the word "not", they wrote it so that the line would pass through the word "not", they wrote it so that the line would pass through the word instead of above the line. When the verdict was returned in the court the same was read to the jury in the presence of defendant and one of defendant's attorneys, and the foreman of the jury was asked if that was the verdict of the jury, which refused the suspended sentence. The foreman answered in the affirmative, and then the balance of the jury were asked if it was their verdict and they all answered in the affirmative. There was no objection by defendant or her counsel, and the verdict was received."

By a separate bill of exception, the defendant shows to the court that he excepted to the explanation of the court with reference to how this verdict was received and what was said and done at the time

it was received. Appellant by her bill shows that the reason that she objected and excepted to the court's explanation was that said explanation cannot be received to impeach the verdict as it was returned, to explain it or show a mistake in it, but the verdict must speak for itself.

We cannot agree with appellant's contention in this matter. The verdict should receive a liberal rather than a strict construction and if the finding of the jury can be reasonably ascertained, the verdict should be held good as to form. The object should be to ascertain the intention of the jury. Sec. 646, Branch's P. C., and many authorities there cited.

Applying this rule of construction to the verdict in this case, we have no doubt that the jury intended not to suspend the appellant's sentence. An inspection of the original verdict shows that theword "not" was written in a different handwriting from that of the balance of the verdict and it also seems perfectly apparent from an inspection of the verdict that the word "not" was written over the line rather than that the line was drawn through said word. Under these conditions, we think it clear that appellant is not entitled to a suspended sentence under the verdict rendered.

Finding no error in the record, it is our opinion that the same should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant and her daughter testified that they were going up the railroad track and met deceased, his brother Johnny and others, following which meeting some conversation was had between appellant and Johnny, after which the latter caught hold of appellant's daughter; that appellant then drew her pistol and told him to turn the girl loose or she would kill him. Appellant and her daughter testified that at this time deceased advanced toward appellant who repeatedly told him to get back, but he continuing to advance and throwing his hand behind him, appellant turned the pistol from Johnny to deceased and fired. The court gave the following charge:

"Now if you believe from the evidence that the defendant, viewing it from her standpoint at the time of the killing, believed that Johnny Pipkin was making an assault on her daughter Evaline Bowman, and from the relative size and strength of the parties and of any state-

ments communicated to her made by the said Johnny Pipkin, or threats to do her, the said Evaline Bowman, any injury, that she, the defendant, drew the pistol for the purpose of protecting the said Evaline Bowman, and at which time the said Abram Pipkin interfered and attempted to prevent her, the defendant, in protecting her said daughter, Evaline Bowman, and in so doing she shot and killed the said Abram Pipkin, then you will find the defendant not guilty. Or if you believe from the evidence that the defendant, believing that her daughter was in danger from an assault made by Johnny Pipkin, and was attempting to protect her and that the said deceased Abram Pipkin advanced towards her in a threatening manner, and viewing the same from her standpoint, it reasonably appeared to her that she was in danger of losing her life or receiving serious bodily injury at the hands of the said Abram Pipkin, whereupon she shot and killed the said Abram Pipkin, you will find the defendant not guilty. Or if you have a reasonable doubt as to any of these facts being true, you will acquit the defendant.''

This charge is made the subject of attack in the motion, it being asserted that same placed a greater burden upon appellant than is required by law in that it required the jury to find before they could determine that appellant acted in self-defense,—that Johnny, the brother of deceased, was making an unlawful assault on defendant's daughter, and that defendant was protecting her daughter or attempting to do so at the time she shot and killed deceased.

We think a careful analysis of the charge will show that appellant's right of self-defense was made to depend upon her belief in the premises and not upon the actual fact of an assault, and furthermore the latter part of said charge gives to her the right of self-defense if deceased advanced toward her in a threatening manner, and if viewed from her standpoint it reasonably appeared to her that she was in danger, etc. We do not think appellant could have suffered any injury from the fact that in both phases of said charge the court inserted the proposition of her drawing the pistol for the purpose of protecting her daughter. It was not claimed by anybody that deceased made any attack upon appellant separate from or disassociated with her drawing the pistol upon Johnny, the brother of deceased. All the witnesses both for the State and the appellant assert that the pistol was drawn by appellant in a threatened attack upon Johnny Pipkin. We think also that it is perfectly apparent that what was done by deceased was for the purpose either of assisting his brother or making a separate attack upon appellant regardless of her purpose of protecting her daughter. We are unable to perceive any error in the charge.

Nor are we able to see any force in the proposition that the court made appellant's right to defend herself depend upon whether she

believed herself in danger of losing her life or suffering serious bodily injury at the hands of deceased. She testified, as did her daughter, that deceased alvanced toward her and continued to come notwithstanding her repeated warning to get back, and that he threw his hand behind him and that thereupon appellant shot. This, we think, did not make it erroneous to make the right of self-defense depend upon a belief that appellant was in danger of losing her life or suffering serious bodily injury.

The motion for rehearing will be overruled.

*Overruled.*