### BERTHA HERD V. THE STATE.

No. 20731. Delivered January 31, 1940.

The opinion states the case.

*Owen & Bohannon,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

Conviction for a misdemeanor; punishment being assessed at a fine of $200.

The verdict reads as follows: "Guilty. Penalty $200. Joe M. Stacy."

Appellant's contention that the verdict is insufficient must be sustained. In Moneyhun v. State, Opinion No. 20,809, this day delivered, (page 322 of this volume) the court held the following verdict to be insufficient:

"No. 10311. Guilty, 90 days in jail. Geo. T. Moore, Foreman."

In the course of the opinion in the Moneyhun Case the court said: "Too much can not be left to interpretation, nor to speculation. Probably this jury intended to find defendant guilty, and to assess his punishment at confinement in the county jail for ninety days, but is would take rather a comprehensive interpolation to thus write their verdict. For example we will attempt to do so, placing the interpolated words in parenthesis: '(We the jury, find the defendant) guilty, (and assess his punishment at) 90 days in jail. Geo. T. Moore, Foreman.'

"It will be noted that the major portion of this verdict has to come by our construction, and we are impressed with the idea that such is too great a departure from Art. 693, C. C. P., which reads as follows: 'The verdict in every criminal action must be general. Where there are special pleas upon which the jury are to find, they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, they must find that the defendant is either "guilty" or "not guilty," and they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.'

"We are not willing to lend our approval to such a scantily worded verdict as here presented. To do such would establish a precedent that might finally eventuate in but two words upon the part of the jury in its verdict, leaving the balance of a complete verdict to be interpolated by others than the jury."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.