### A. B. (RED) MONEYHUN V. THE STATE.

No. 20809. Delivered January 31, 1940.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted under a complaint and information containing two counts, one for the possession of intoxicating liquor, to-wit: whisky, for the purpose of sale in a dry area, and the other for the sale of whisky in a dry area, and he was sentenced to serve ninety days in the county jail.

We are early met with the proposition that the verdict of the jury is insufficient, and therefore no verdict upon which a judgment can be predicated herein. The verdict reads as follows:

"No. 10311. Guilty, 90 days in jail.
"Geo. T. Moore, Foreman."

Appellant cites us to the case of Shaw v. State, 2 Texas Crim. App. 487, in which case the following verdict was held to be fatally defective: "We, the jury, the defendant guilty, and assess the punishment at two years' confinement in the penitentiary at hard labor." It will be noticed that the jury omitted the word "find" in their verdict, and on account of the omission of such word the verdict was held insufficient. We think this Shaw case went too far in demanding exactitude in a jury's verdict, and this court has gradually adopted a more liberal view in such matters, which has evidenced itself in the overruling of some of the older cases in recent years as evidenced in Bowman v. State, 101 Texas Crim. Rep. 535, 276 S. W. 275; also Sec. 646, Branch's Penal Code, and cases there cited.

The better rule, so we are impressed, would be that if the intention of the jury can be arrived at by a fair interpretation of their written findings, and from such findings, then such interpretation thereof should be given effect; however some element of accuracy should appear therein showing that same

is a finding of the jury, and its finding should correspond to the court's charge thereon. Too much can not be left to interpretation, nor to speculation. Probably this jury intended to find defendant guilty, and to assess his punishment at confinement in the county jail for ninety days, but it would take rather a comprehensive interpolation to thus write their verdict. For example we will attempt to do so, placing the interpolated words in parenthesis: "(We, the jury, find the defendant) guilty, (and assess his punishment at) 90 days in jail. Geo. T. Moore, Foreman."

It will be noted that the major portion of this verdict has to come by our construction, and we are impressed with the idea that such is too great a departure from Art. 693, C. C. P., which reads as follows: "The verdict in every criminal action must be general. Where there are special pleas upon which the jury are to find, they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, they must find that the defendant is either 'guilty' or 'not guilty,' and they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."

We are not willing to lend our approval to such a scantily worded verdict as here presented. To do such would establish a precedent that might finally eventuate in but two words upon the part of the jury in its verdict, leaving the balance of a complete verdict to be interpolated by others than the jury.

The judgment is reversed and the cause remanded.