Lugo v. State, 136 Tex.Cr.R. 226, 124 S.W. 2d 344; Smith v. State, Tex.Cr.App., 136 S.W.2d 842, recently decided and not yet reported [in state report].

■ The motion for continuance and the testimony heard in support thereof fails to show that appellant used that degree of diligence which the law requires to secure the testimony of absent witnesses. No written process whatsoever seems to have been requested by appellant. Under these circumstances, the court did not abuse his discretion in this respect.

■ Appellant requested the court to charge the jury to consider the *acts* as well as the words spoken by the deceased in determining the right of appellant to act in his self-defense. Such a charge, or one in similar language has often been held necessary upon proper request, based on the language of Art. 1222, P.C., and the repeated decisions of this Court if the evidence raised the issue. It is noted, however, that the Court did charge as follows: " * * * That at the time of such stabbing, it reasonably appeared to the defendant, as viewed from his standpoint * * * that the deceased * * * either alone or acting together with other * * * persons, had made, was making, or was about to make an attack on him, the said John Parker, which, from the manner and character of same, THE WORDS SPOKEN, if any, and the relative positions of the parties * * * at the time, caused the defendant to then have a reasonable expectation of fear of death or serious bodily injury at the hands of the deceased * * * or others, * * * and that acting under such reasonable expectation, * * * he stabbed and killed Roy Embrey, or if you have a reasonable doubt of such facts, then you will acquit the defendant. * * *"

It is apparent from the foregoing instruction that the court instructed the jury that if it reasonably appeared to the defendant, as viewed from his standpoint, that the deceased either alone or acting together with other persons, had made, was making, or was about to make an attack on him, which from the manner and character of the same, the words spoken, if any, and the relative positions of the parties, etc. This instruction, we think, was sufficient under the facts of this case. While testimony raising the issue is injected into the case by the defendant, who stated that Embrey called him some vile names and along with

another person present at the time threatened to get rid of him, we are still unable to agree with his contention.

In some cases under some circumstances this court has held that the omission by the court to charge both words and acts was not error such as would require a reversal. See Stroud v. State, 120 Tex.Cr.R. 466, 46 S.W.2d 689; Rhodes v. State, 110 Tex.Cr. R. 353; 7 S.W.2d 569. While the charge in question is not as explicit as it might have been, we think it sufficiently informed the jury to consider words as well as acts and did not limit their consideration to acts alone. Under the above cases and Art. 666, Code Cr.Proc., upon which they are partly based, we would not be justified in reversing on that ground alone.

All other matters complained of by appellant have been considered by us and are deemed to be without merit.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### HODGES v. STATE.

#### No. 20847.

Court of Criminal Appeals of Texas.

Feb. 28, 1940.

M. E. Lawrence, of Eastland, and Owen & Bohannon, of Brownwood, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

The appellant was convicted of a violation of the liquor laws in a dry area, and was by the jury's verdict fined the sum of $750.

The verdict reads:
"Guilty
$750.00 Fine
Signed A. Caffey
Foreman of the Jury."

This is practically the same verdict as was condemned in the case of Moneyhun v. State, Tex.Cr.App., 136 S.W.2d 219, not yet reported in state reports, and Herd v. State, Tex.Cr.App., 136 S.W.2d 220, not yet reported in state reports. Under the authority of those cases and their reasoning we hold this verdict insufficient.

The judgment is reversed and the cause remanded.